Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
TAMARA ARMS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA ARMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LENDINGCLUB BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Defendant, | Case No.:　**'22CV1388 BTM DEB**<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. TAMARA ARMS (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against LENDINGCLUB BANK, NATIONAL ASSOCIATION (hereinafter referred to as "LENDINGCLUB" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47

U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also,

---

[1] CA Civil Code §§ 1788.1(a)-(b)

1  *Mims,* 132 S. Ct., at 744.

2  5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all

or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Defendant LENDINGCLUB is a National Banking Association. Plaintiff alleges that LENDINGCLUB is, and at all times mentioned herein was, chartered as a national bank, with its primary business address in San Francisco, CA, and doing business throughout the country, including in this District.

15. Defendant LENDINGCLUB regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe Defendant LENDINGCLUB debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant LENDINGCLUB collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, Defendant LENDINGCLUB is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and all times mentioned herein, was a corporation and "person," as

defined by 47 U.S.C. § 153(39).

18. When individuals owe LENDINGCLUB debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, LENDINGCLUB collects on those consumer debts owed to them using the mail, electronic communication, and the telephone. Therefore, LENDINGCLUB is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2020, Plaintiff was issued an unsecured personal loan by Defendant.

The loan was taken out for, and used for, personal and household expenses.

25. Plaintiff made payments toward her LENDINGCLUB credit card account when she took it out, and maintained good standing until approximately April of 2022, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on her LENDINGCLUB credit card account, agents for ATDS and/or a Recorded Voice, often as many as two (2) to three (3) times per day, usually every day.

27. The collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent her with regards to the debts allegedly owed to LENDINGCLUB.

29. On June 10, 2022, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS, that Plaintiff had retained Counsel, and that LENDINGCLUB needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter").  The Letter referenced the last four digits of Plaintiff's social security number next to her name to help LENDINGCLUB identify the Plaintiff's account.

30. The Letter informed LENDINGCLUB that Plaintiff was represented by Counsel and thus constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letter dated

June 10, 2022, Defendant continued to willfully call Plaintiff's cellular telephone and request payments using an ATDS and/or a Recorded Voice, often as many as two (2) to three (3) times per day, almost every single day.

32. However, despite receipt of the June 10, 2022 Letter referenced above which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debt, representatives of LENDINGCLUB have continued to call Plaintiff more than seventy-five (75) times since June 10, 2022, on her cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

33. Defendant has called Plaintiff over seventy-five (75) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to LENDINGCLUB, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

34. Despite having received Plaintiff's June 10, 2022 Letter sent to Defendant's address for correspondences, LENDINGCLUB continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

35. LENDINGCLUB, or its agents or representatives, have contacted Plaintiff on her cellular telephone over seventy-five (75) times since June 10, 2022, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

36. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. The multiple calls made by Defendant or its agents after June 10, 2022, were therefore made in violation of 47 U.S.C. § 227(b)(1).

38. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via

the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant LENDINGCLUB continues to contact Plaintiff repeatedly to date.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. When Plaintiff's Counsel sent the June 10, 2022 cease-and-desist letter to LENDINGCLUB, Defendant LENDINGCLUB was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

41. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

42. By calling Plaintiff on her cellular phone over seventy-five (75) times after receipt of the June 10, 2022 Letter from Plaintiff's Counsel, LENDINGCLUB violated Cal. Civ. Code §1788.14(c).

43. As a result of the constant collection calls by LENDINGCLUB, Plaintiff has

- 8 -

*TAMARA ARMS vs. LENDINGCLUB BANK, NATIONAL ASSOCIATION - Complaint for Damages*

experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by LENDINGCLUB are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

44. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

45. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

46. Therefore, Defendant's acts of calling Plaintiff over seventy-five (75) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.
## SECOND CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

48. Through the June 10, 2022 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for LENDINGCLUB or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

49. The foregoing acts and omissions of LENDINGCLUB constitutes numerous and multiple negligent violations of the TCPA, including but not limited to every one

of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

50. As a result of LENDINGCLUB's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.
## THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
**(47 U.S.C. § 227 *et. seq.*)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the June 10, 2022 Letter sent by Plaintiff's Counsel to LENDINGCLUB's corporate headquarters, Plaintiff revoked any alleged consent for the LENDINGCLUB or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts of the LENDINGCLUB constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. Therefore, since LENDINGCLUB or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, LENDINGCLUB's acts were willful.

56. As a result of LENDINGCLUB's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of LENDINGCLUB's over seventy-five (75) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant LENDINGCLUB herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's over seventy-five (75) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over seventy-five (75) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: September 12, 2022

By:   BLC Law Center, APC

*s/ Ahren A. Tiller*

Email: ahren.tiller@blc-sd.com
Ahren A. Tiller, Esq.
Attorney for Plaintiff
TAMARA ARMS

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by of jury.

Dated: September 12, 2022        By:   BLC Law Center, APC

*s/ Ahren A. Tiller*
ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff
TAMARA ARMS